# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| LEOPOLD E. MAYES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:16CV567 HEA ) |
| TEAMSTER LOCAL 688, | ) ) |
| Defendant. | ) |

## OPINION, MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Appoint Counsel, [Doc. No. 4] and Defendant's Motion to Dismiss [Doc. No. 9]. The time to respond to the pending motion to dismiss has expired. Plaintiff has failed to respond.

### Appointment of Counsel

There is no constitutional or statutory right to appointed counsel in civil cases. *Nelson v. Redfield Lithograph Printing*, 728 F.2d 1003, 1004 (8th Cir. 1984). In determining whether to appoint counsel, the Court considers several factors, including (1) whether the plaintiff has presented non-frivolous allegations supporting his or her prayer for relief; (2) whether the plaintiff will substantially benefit from the appointment of counsel; (3) whether there is a need to further

investigate and present the facts related to the plaintiff's allegations; and (4) whether the factual and legal issues presented by the action are complex. *See Johnson v. Williams*, 788 F.2d 1319, 1322–23 (8th Cir. 1986); *Nelson*, 728 F.2d at 1005.

After considering these factors, the Court finds that the appointment of counsel is not warranted at this time. This case is neither factually nor legally complex.

## Dismissal for Failure to State a Claim

### Legal Standard

"To survive a motion to dismiss [under Fed.R.Civ.P. 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint is facially plausible where its factual content "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The plaintiff must plead facts that show more than a mere speculation or possibility that the defendant acted unlawfully. *Id.*; *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While the Court accepts the complaint's factual allegations as true, it is not required to accept the plaintiff's legal conclusions. *Ashcroft*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

The Court's assessment of whether the complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Ashcroft*, 556 U.S. at 679. The reviewing court must read the complaint as a whole rather than analyzing each allegation in isolation. *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). With regard to a pro se complaint the Court must liberally construe the allegations and "pro se litigants are held to a lesser pleading standard than other parties." *Whitson v. Stone County Jail*, 602 F.3d 920, 922 n. 1 (8th Cir.2010) (citation omitted) However, a Plaintiff must allege sufficient facts to support his claims. *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004); citing, *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir.1989) (regarding a pro se plaintiff, "we will not supply additional facts, nor will we construct a legal theory for plaintiff that assumes facts that have not been pleaded."); and *Cunningham v. Ray*, 648 F.2d 1185, 1186 (8th Cir.1981) ("pro se litigants must set [a claim] forth in a manner which, taking the pleaded facts as true, states a claim as a matter of law."); see also, *Johnson v. Nixon*, 367 F. App'x 715 (8th Cir. 2010); citing, *Frey v. City of Herculaneum*, 44 F.3d 667, 672 (8th Cir.1995) (complaint fell short of meeting even liberal standard for notice pleading where it was entirely conclusory and gave no idea what acts individual defendants were accused of that could result in liability).

## Discussion

Plaintiff filed this action on Court provided forms as an Employment Discrimination Complaint.  Plaintiff checked that the lawsuit is based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq*. for employment discrimination on the basis of race, color, religion, gender, or national origin and Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. §§ 621, *et seq.*.  Plaintiff stated that he had filed a charge of discrimination against Defendant with the EEOC and has received a Notice of Right to Sue Letter.

Defendants move to dismiss Plaintiff's Complaint for failure to state a claim.  Defendant argues that although Plaintiff claims his suit is brought under Title VII and the ADEA, his factual allegations reveal that his action is actually an action under the Union Defendant's duty of fair representation, and further, if so, the action is barred by the applicable limitations period.

While the Court recognizes that Plaintiff is proceeding *pro se*, and therefore construes the pleadings liberally, the Court agrees with Defendant that the Complaint fails to state a claim.  Plaintiff must comply with the Federal Rules in providing Defendant with enough factual information so that Defendant can answer the charges against it.  Plaintiff complains about the representation he received from the Union Defendant, but claims his case is brought under Title VII and the ADEA.  Plaintiff's Complaint is too confusing for Defendant to answer.  If Plaintiff is bringing the action under the federal statutes, he must set forth

sufficient allegations that Defendant was his employer. Conversely, if Plaintiff is challenging Defendant's representation of Plaintiff *vis a vis* his employer, he must set out sufficient facts, including dates establishing the timeliness of the action, to enable Defendant to respond to those allegations. Quite simply, Defendant is given no information from which it is able to ascertain what Plaintiff is claiming. The Complaint does not satisfy the pleading requirements of *Twombly* and *Iqbal*. As such, the Complaint must be dismissed.

**Conclusion**

Based upon the foregoing, the Court concludes that Plaintiff has failed to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. The Complaint will be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Appoint Counsel, [Doc. No. 4], is denied, without prejudice.

**IT IS FURTHER ORDERED** that Defendant's Motion to Dismiss, [Doc. No. 9] is granted.

**IT IS FURTHER ORDERED** that this matter is dismissed, without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff is given 21 days from the date of this Opinion, Memorandum and Order to file an Amended Complaint, in

accordance with the foregoing Opinion. Failure to provide the requisite factual allegations may result in dismissal with prejudice.

Dated this 25th day of October, 2016.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE